Judoe Mills
delivered the opinion.
A judgment was rendered by default in a scire facias in the court below, against James Simral in favor of the pre<-sent plaintiff in error. Oh a subsequent day of the term, Simral appeared and read to the court the original record of the suit, in which he had became special bail on the writ before the sheriff, for David Turney, against vvliona Young had obtained a judgment, asd moved the court to set aside the judgment rendered against him on the scire fa-cias as bail for Turney. The court accordingly set aside (be judgment, and quashed and dismissed the scire facias, alleging as a reason that the recognizance of special hail, taken on the back of the original writ, was insufficient.-— This is the proceeding complained of by the assignment of error Vt’e have no doubt that the judgment quashing the scire facias was erroneous. The recognizance of special bail has been take» by the sheriff in the words directed try the act of assembly endorsed oa the writ, and appears every way to comply with the law. It is now urged, ia this court, that the sheriff did not, on the writ, return the flame of the bail by him taken. If the sheriff has erred in this, of which there is considerable doubt, the party injured may have his action. The law, as it non stands, requires the recognizance of bail to be endorsed on the writ, and to be signed by the bail. This requisition appears to be complied with, and Simral had the opport unity of appearing and contesting it by proper defence to the scire facias. This he did not do; bat relied on a subsequent motion, in which no issue, either in law or fad, could be tried. Besides, vve consider the whole proceeding by motion as erroneous. It is decided by this court, that the record of the original suit is no part of the record of 'be suit by scire facias against the bail. If it could be made so, it ought to be introduced by answer to the plea of uvl teil record, or id some other legitimate mode. The effect of the original record could not therefore be tried by motioa. As to the scire fa-cias, we perceive no valid objection to it. It is true, it-recites a previous execution both by fieri facias and capias ad satisfaciendum, when the most approved forms recite neither. It never was adjudged, within the knowledge of this court, that a fieri facias was necessary to fix the bail. But *177 this is regarded as surplusage, and the yvrit is not thereby vitiated, according to the maxim, ‘'utile per inutile, non vi-tiatur.”
The last judgment is therefore reversed, and the cause remanded, with directions to the court below to reinstate the first judgment rendered by default.